COMMONWEALTH *vs.* WILLIAM SEPULVEDA. No. 99-P-1195. November 3, 2000. *Evidence, Hearsay. Controlled Substances.*

The defendant, Sepulveda, convicted of trafficking in more than 100 grams of cocaine and doing so within 1,000 feet of a school, argues on appeal that the trial judge erred in permitting a Commonwealth witness, Officer Garcia, to testify to a statement made by the Commonwealth's principal witness, Ana Vasquez, out of court. The objection was put on hearsay grounds.

The Commonwealth's evidence was that Vasquez was working with the police in the hope of leniency regarding serious criminal charges brought against her and her husband. Over the telephone she had arranged a controlled buy of 125 grams of cocaine from Sepulveda, for which the price was to be $3,700. Officer Garcia was present during the telephone conversation and confirmed (over objection) that she had indeed stated that she wanted 125 grams of cocaine. That confirmation was of significance to the case because Sepulveda was to testify in his own defense that Vasquez had lured him to the

meeting place by telling him on the telephone that she wanted to pay $100 that she owed him. At the meeting place Sepulveda entered Vasquez's car and, after a short time, a third man entered the back seat carrying a white bag that contained cocaine. Both Vasquez and an officer watching from a concealed location testified that Sepulveda beckoned for the man to come. Sepulveda testified that he did not know the man and that he (Sepulveda) was the victim of a setup.

There was no error in admitting Officer Garcia's testimony, because he was not vouching for the truth of the *content* of Vasquez's statement over the telephone; only for the fact that she made the statement, i.e., placed the order. This was not hearsay. See *Commonwealth* v. *Cohen*, 412 Mass. 375, 393 (1992); *Commonwealth* v. *Thomas*, 429 Mass. 146, 161 (1999). He saw and heard her say that "she needed the 125 grams, that she was ready to purchase it" and was competent to testify to her doing so. See *Commonwealth* v. *Sullivan*, 410 Mass. 521, 526 (1991). It would be a different case if he were not fluent in Spanish, the language in which Vasquez conversed with Sepulveda, and had been told by her afterward that she had ordered 125 grams of cocaine. Testimony to that effect would be hearsay, but this is not. The suggestion by counsel who argued the appeal for the defendant that Garcia's testimony contained a nugget of hearsay in its implication that Sepulveda was the person to whom Vasquez was speaking cannot avail because (1) it was not raised with the trial judge, and (2) Sepulveda admitted that he was the person at the other end of the telephone line, differing only as to what was said by Vasquez.

*Judgments affirmed.*

*Brownlow M. Speer*, Committee for Public Counsel Services, for the defendant.

*Dianne M. Dillon*, Assistant District Attorney, for the Commonwealth.